DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1904.

---

### City of Ottawa v. Edward Hayne.

### Gen. No. 4,291.

114   21<br/>a214s  45

1. CONTRIBUTORY NEGLIGENCE—*what does not establish.* In an action against a municipality for injuries resulting from an obstruction in a public street, it is not necessarily contributory negligence for a person to run along such sidewalk, upon a rainy night, with his head down, close to the building line, notwithstanding he may have been familiar with such sidewalk and knew its ordinary condition.

2. VARIANCE—*what does not constitute.* In an action on the case a failure to prove all that is charged in the declaration is not a variance, provided enough of the charge is established to make a cause of action.

3. VARIANCE—*when, deemed waived.* A variance is deemed to have been waived where a motion to exclude the evidence is based upon other and different grounds than that of variance.

4. VARIANCE—*how objection for, made.* An objection of variance must be specific and point out wherein the alleged variance consists.

5. NOTICE—*when municipality deemed to have, of sidewalk obstruction.* The law fixes no exact limit as to what is sufficient time for an obstruction or defect to exist in order to charge a municipality with notice; each case must be determined from its own facts, and among the circumstances which may be considered in determining such question are the population of the city and the amount of business or travel at or near the place of such obstruction.

6. ASSIGNMENT OF ERROR—*what cannot be urged by.* One appellant cannot complain of an action of the trial court which only affected a co-defendant.

Action on the case for personal injuries. Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, pre-

siding. Heard in this court at the October term, 1903. Affirmed. Opinion filed May 11, 1904.

DANIEL R. BURKE, for appellant.

BROWNE & WILEY and McDOUGALL & CHAPMAN, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment rendered in the Circuit Court of La Salle county against the city of Ottawa, for a personal injury received by appellee on one of the sidewalks of the city. The verdict was for $5,000, which, under the direction of the trial court, was reduced to $3,000, for which judgment was rendered, and the city appeals.

The injury to appellee occurred on the evening of March 11, 1902, about 8:30 P. M. On the morning of March 10, the Majestic Manufacturing Company stretched a cloth banner across Main street from the store building of the Poundstone-Refior Hardware Company to the Lindeman building on the opposite side of the street. This banner was thirty-five to forty feet long, and about three feet wide, and had inscribed on it the words: "Majestic Malleable Iron Ranges, Cooking Exposition now going on." The banner was held in conspicuous view by means of ropes attached to upper and lower edges and made fast to the buildings on either side. In order to keep the surface of the banner smooth, a third guy rope about twelve feet long was attached to the lower banner rope and brought down and fastened about two feet above the level of the sidewalk on the side next to the building. This guy rope was fixed at an angle from its fastening at the lower end, so that a few feet from the line of the building, the rope was high enough for pedestrians to pass along the sidewalk without coming in contact with the rope. On the evening of the accident, appellee was running along the sidewalk; the night was dark and it was raining. He was traveling near the line of buildings, probably because they afforded some shelter from the rain; he ran against this guy rope, which was a small

cord only about three-eighths of an inch in diameter, and was thrown down on the sidewalk, dislocating his right shoulder, and seriously injuring his right eye, so that the sight is permanently impaired.

This suit was originally brought against the Majestic Manufacturing Company, J. M. Poundstone and David Refior, partners, under the name of the Poundstone-Refior Hardware Company, and the city of Ottawa. The Majestic Company pleaded to the jurisdiction of the court and its plea was sustained. The jury found the Poundstone-Refior Company not guilty. There is, therefore, only the case against the city to be considered.

Appellant insists that the appellee was guilty of contributory negligence by running with his head down so close to the line of the buildings that he came in contact with this guy rope. The appellee was familiar with the sidewalk and knew its usual and ordinary condition. It was raining and dark, at least too dark to see a small cord stretched across the sidewalk; appellee had a right to select any portion of the sidewalk he desired, and simply because he sought to pass along near the inside of the walk and was running to get out of the rain, we are not disposed to hold, contrary to the finding of the jury, that he was guilty of contributory negligence.

It is contended that there is a variance between the declaration and the proofs. It is true the declaration charges that travel was obstructed to a much greater extent than the proof shows. In other words, the appellee did not prove his case as strong as he stated it in his declaration, but the proof does show that the guy rope was an obstruction to travel over a part of the sidewalk. A failure to prove all that is charged is not a variance, provided enough of the charge is proven to make a cause of action. But even if there was a variance between the declaration and the proofs, it has been waived by the appellant for the reason that the motion to exclude the evidence was based solely on the grounds that none of the city officials whose duty it was to keep the streets and sidewalks in repair and

free from obstructions had any notice of the alleged obstruction. The motion that is abstracted, based on the theory of a variance, was the separate motion of the Poundstone-Refior Company, and not the motion of the appellant. Still if we concede to appellant the full benefit of its own motion and also the separate motion of its co-defendant below, the question of a variance is not presented. Neither motion pointed out specifically in what the variance consisted, as the law requires. Probst Construction Co. v. Foley, 166 Ill. 31; Ill. Central R. R. Co. v. Behrens, 208 Ill. 20; Zellers v. White, 208 Ill. 518.

It is next contended that no actual notice to the city was shown, and that the obstruction had not been there a sufficient length of time for the city by the use of ordinary diligence to have learned of its existence in time to have removed the same before the accident. The law fixes no exact limit as to what is a sufficient time for an obstruction or defect to exist in order to charge a city with implied notice. In this respect each case must be determined from all the surrounding circumstances. It is a question of fact for the jury to determine in view of all the facts and circumstances. City of Decatur v. Besten, 169 Ill. 340. To enable the jury to determine this question, evidence of the population of the city, the amount of business and travel at or near the place of the obstruction, and any other pertinent fact or circumstance tending to throw light on the question of notice to the city, may be received; after the jury have passed on this question, its finding thereon is entitled to the same consideration by this court as a finding upon any other question and will not be disturbed unless it is so clearly and palpably against the weight of the evidence as to lead to the conclusion that the jury was actuated by passion or prejudice. Such is not the case here.

It is contended that the damages are excessive. The trial court in the exercise of a sound discretion required the plaintiff to remit $2,000 from the verdict, and rendered judgment for $3,000. We do not regard $3,000 as excessive in view of the nature and extent of plaintiff's injuries.

Numerous objections are urged to the instructions, but taking them as a series, we think they present the law of the case to the jury. It is urged that the instructions of the court given on behalf of the Poundstone-Refior Company were more favorable to that defendant than the law warrants. Appellant cannot complain of any action of the trial court affecting only its co-defendant. If the plaintiff had a cause of action against the city for a tort, the city cannot raise the question that some other party is also liable, or, if sued jointly, that the rulings of the court were erroneous as applied to the case of the co-defendant.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*