## OPITZ v. TOWN OF CITY OF NEWCASTLE, ET AL.*
(No. 1279; October 4, 1926; 249 Pac. 799.)

MUNICIPAL CORPORATIONS—LIABILITY FOR DANGEROUS STREETS—TRIAL —SPECIAL INTERROGATORIES—AUTOMOBILES — NEGLIGENCE—APPEAL AND ERROR.

1. Town, having exclusive control of streets, under Comp. St. 1920, § 1754, is liable for damages resulting from failure to use reasonable care in keeping them in reasonably safe condition for public travel, and in safeguarding, by proper signal, places of danger thereon, in view of section 1873.

2. In personal injury action against town by motorist, who drove into creek at place in street where bridge was out, refusal to submit special interrogatories *held* not abuse of discretion; such submission being in discretion of trial court, in view of Comp. St. 1920, § 5780.

3. Negligence and contributory negligence *held* for jury in action by motorist, injured at place in street where bridge was out.

4. In action against town for injuries suffered at place in street where bridge was out, question as to whether barrier at bridge was in same condition as when erected on Monday following accident, if error, *held* not prejudicial, where witness had already testified without objection that he put up new barriers after accident.

*See Headnotes: (1) 28 Cyc. p. 849 n. 60; p. 1341 n. 29; p. 1404 n. 55; p. 1405 n. 57. (2) 38 Cyc. p. 1907 n. 8. (3) 28 Cyc. p. 49 n. 46, 47. (4) 4 CJ p. 966 n. 98; p. 974 n. 82.

Appeal from District Court, Weston County; Harry P. Ilsley, Judge.

Action by Christine Opitz against the Town of the City of Newcastle and others. There was judgment for plaintiff, and defendants appeal.

*E. E. Wakeman* and *E. C. Raymond,* for appellants.

No action lies at common law against a Town for damages caused by defective streets; Mower v. Leichester, 9 Mass. 247; Hill v. Boston, 122 Mass. 344. In some states, recovery is permitted by statute; Beardsley v. Hartford, 47 A. R. 687. A city is not liable for non-performance of a public duty; Collier v. City, (Ark.) 84 S. W. 480; City v. Pearce, 26 A. R. 279; see also, Kent v. Cheyenne, 2 Wyo. 6. If the testimony is without conflict, there is no question for the jury; Carney Co. v. Benedict, 22 Wyo. 362. Negligence, on the part of an injured person, bars recovery; 29 Cyc. 527. The evidence shows that plaintiff was negligent; a passenger in a private automobile can not recover if the driver is negligent; Lawson v. Fon du Lac, 123 N. W. 629. Driving into a hole, visible 30 feet away, is negligence; Kunnelman v. McGovern, 199 N. Y. S. 76; or into an open bridge clearly visible; West Coast Co. v. White, 172 S. W. 301; Gage v. Ry. Co., 90 Atl. 855. An automobile driver should not proceed unless he can see the road ahead; Short v. State, 179 N. Y. S. 539; a city must have notice of defective streets and, where it places barriers at dangerous places, it is not liable for the removal thereof by lawless or evil minded persons; Klatt v. City of Milwaukee, 53 Wis. 196; Doolen v. Town, 14 N. E. 566; Mayor v. Boone, 20 S. E. 46. Barriers were placed at the place where the accident occurred; proof of their presence, the day before the accident, is shown by evidence and this precludes recovery; O'Neil v. Bates, 40 Atl. 236; Jones v. Clinton, 69 N. W. 418; McFeeters v. New York, 92 N. Y. S. 79. The proof showed negligence of plaintiff and defendant's right to a directed verdict; yet

if the appellate court concludes that there was a question for the jury, then defendants were entitled to answers by the jury to the questions which they offered; 5579 C. S.; Wallace v. Skinner, 15 Wyo. 256; Burke v. McDonald, 49 Pac. 51; City v. Gibson, 25 Kan. 236; Decatur v. Simpson, 88 N. W. 339. Plaintiff could not blindly ignore a defect in a street, open and obvious to everyone, and then recover damages for injuries resulting from it. Cook v. Atlanta, 19 S. E. 897; Cressey v. Town, 12 N. W. 757; Yahn v. City, 15 N. W. 257. Persons using streets must exercise some caution; King v. Thompson, 87 Pa. St. 365; Stern v. City, 99 Atl. 367; Stern v. City, 103 Atl. 727; Falahee v. City, 180 N. W. 507.

*David A. Fakler,* and *Hayes & Heffron,* for respondent.

The Town of Newcastle is a body corporate; 1751-1732 C. S. It is required to keep its streets in repair; 1754 C. S.; Peterson v. Village, (Minn.) 87 N. W. 615; 2 Shearman & Redfield on Negligence, 289. The weight of authority supports the rule of liability for unsafe streets; Sutton v. City, (Wash.) 39 Pac. 283; Dist. of Columbia v. Woodbury, 136 U. S. 450; Goodrich v. City, (Nebr.) 115 N. W. 539; Larson v. City, (Dak. Ter.) 3 Dak. 307; Browning v. City, (Ill.) 63 Am. Dec. 345. Power to open and establish streets creates a duty to repair and liability to damages for negligence or failure to repair; Smoot v. Mayor, 24 Ala. 112; Bloomington v. Bay, 42 Ill. 503; Jansen v. Atchison, 16 Kan. 358; Shartle v. City, 17 Minn. 308; Town v. Wood, 57 Ind. 192; Saulisbury v. Village, 94 N. Y. 27. Respondent was not guilty of negligence; the cause was properly submitted to the jury; Hines v. Sweeney, (Wyo.) 201 Pac. 1020; Ry. Co. v. Prescott, 23 L. R. A. 654; G. T. R. Co. v. Ives, 36 L. Ed. 489; Dewire v. Bailey, 131 Mass. 169; Fox v. Ry. Co., (Cal.) 50 Pac. 25; Larson v. Ry. Co. (S. D.) 141 N. W. 353. Respondent exercised ordinary care; Berry on Automobiles, 945; Super v. Modell, (Kan.) 129 Pac. 1162. The question of contributory negligence

was for the jury; Abbott v. County, (Kan.) 146 Pac. 998; Hanson v. City, (Ia.) 158 N. W. 594; Corcoran v. City, (N. Y.) 188 N. Y. 131. Automobile drivers are required to use ordinary care for their own safety and cannot be held bound to observe all defects and obstructions in the highway; Geise v. Mercer, 87 N. J. L. 224; Sweet v. Salt Lake, 43 Utah 306; Loose v. Tp., 187 Mich. 206. A traveler is not bound to apprehend danger; Spiker v. Ottumwa, (Ia.) 186 N. W. 465; McRickard v. Flint, 114 N. Y. 226; Gordon v. Cummins, 152 Mass. 513; 37 Cyc. 291. It is the duty of municipalities to keep streets reasonably safe for travel; Mayor v. State, 166 Fed. 641. Respondent did not see the hole in the street and the record shows ordinary care; West Coast Co. v. White, 172 S. W. 301. Notice of the dangerous condition of the street, for a long time prior to the accident, was shown; in fact there was no issue on the question of notice; permission to request answers to special interrogatories is within the discretion of the trial court; Wallace v. Skinner, supra. The case did not require special findings; Atchison v. R. R. Co., 40 Nebr. 356; Ry. Co. v. Walsh, 45 Kan. 653.

Blume, Justice.

The plaintiff brought this action against the Town of Newcastle and the city authorities thereof, for damages on account of injuries received by her, a claim for which had been filed with, and rejected by, the town. The case was tried to a jury. A verdict was returned in favor of the plaintiff for the sum of $2771. Judgment was rendered on the verdict, from which the town and city authorities have appealed. The plaintiff will be designated herein in the same manner as in the court below. Inasmuch as the town was the real defendant, no particular reference will be made to the other defendants.

1. The injuries complained of were received by plaintiff while she and her child and her husband, and one

Knecht, were, during the evening of August 26, 1922, driving, in a Ford automobile, along Warren Avenue in said town. The driver, while attempting to cross a bridge spanning a creek in said town, found it gone, as a result of which the car plunged into the creek, ten feet deep, injuring plaintiff and her husband. The action herein is based upon the negligence of said town in not keeping said Warren Avenue and said bridge in proper condition of repair, and for the failure to place proper barriers or signals at or near the place where the bridge was gone, in order to indicate the existence of danger. And it is alleged that the town long knew of the dangerous condition mentioned, and failed both to repair the bridge as well as to put up and keep proper danger signals for the purpose of giving warning to travelers. It is the contention of counsel for the town that it is not liable for the negligence alleged, because no statute exists imposing such liability upon it. The most generally accepted rule in this country is that municipalities, which have full and complete control over the streets within their corporate limits, as is true in the case of the Town of Newcastle, are liable for damages for injuries sustained in consequence of their failure to use reasonable care in keeping them in a reasonably safe condition for public travel, and in safe-guarding, by proper danger signals, the places of danger thereon. 13 R. C. L. 310, 435-437; 28 Cyc 1341, 1404, 1405; 2 Shearman & Redfield on Negligence, sections 289 and 332. Counsel recognize this to be the general rule, but claim that the maintenance of streets is a governmental function; that quasi-public bodies, like counties, are not liable for failure to keep highways in proper condition, and that the general rule applied to cities and towns is illogical and should not be followed. That the rule is, perhaps, illogical, may be true. We gave considerable thought and attention to this subject in connection with the decision in the case of Ramirez v. City of Cheyenne, (Wyo.) 241

Pac. 710, 42 A. L. R. 245, where the lack of uniformity in decisions in the application of the principle of immunity was pointed out.  But the rule holding a municipality liable for negligence in cases like that at bar, has been so long established and has been recognized by so many courts that we do not feel that we should go counter to it. The length of time during which it has existed has given the legislature ample opportunity to repudiate it.  It has not done so, but seems rather to have given recognition to it.   This would seem to be true in view of section 1873, W. C. S. 1920, even though that section is directly applicable only to cities of the first class.   That section reads as follows:

"Cities of the first class shall be absolutely exempt from liability for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof within the limits of such cities, unless actual notice in writing of the defect of such public way or sidewalk shall have been filed with the city clerk at least five days before the occurrence of such injury or damage.  In the absence of such notice, so filed, the city shall not be liable and in all cases such notice shall describe with particularity the place and nature of the defects of which complaint is made."

It would seem that the legislature, by the enactment of this section, recognized the necessity of affirmative legislation in order to limit the liability of municipalities, in case of negligence in maintaining its streets.   No such limitation has been made as to municipalities of the class to which the town of Newcastle belongs.   Under the provisions of section 1754, W. C. S. 1920, the town is given exclusive control of its streets, with power to repair them, and we are inclined to believe that we should adhere to the general rule heretofore mentioned, and let the legis-

lature determine as to whether or not this rule should continue in force.

2.   The defendant asked the court to submit twelve special interrogatories to the jury.   This the court refused to do, and directed the jury to return a general verdict for or against the defendant.   Counsel claim that it was error and an abuse of discretion not to submit the special interrogatories.   To indicate the character of the interrogatories, the jury were asked to answer as to whether the driver of the automobile, in which plaintiff was riding at the time of the injury, was doing such driving by the permission of plaintiff; whether the automobile was under the joint direction of plaintiff and her husband; at what rate of speed the car was being driven immediately prior to the accident; for how many feet ahead of the car its headlights illuminated the roadway; as to what rate of speed the automobile was travelling immediately before the accident; whether plaintiff exercised ordinary care in watching the road ahead; whether the driver exercised ordinary care.   We held in the case of Wallace v. Skinner, 15 Wyo. 233, 255, 88 P. 221, 226, that the submission of, or failure to submit, special interrogatories was in the sound discretion of the court.   The statute relating thereto, being section 5780, W. C. S. 1920, provides as follows:

"In actions for the recovery of money only, or specific real property, the jury may render either a general or a special verdict; in all other cases the court may direct the jury to find a special verdict in writing upon all or any of the issues; In all cases the court may instruct the jurors, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon;" etc.

In the case of Wallace v. Skinner, supra, this court, in speaking of the object and purpose of special interrogatories, said:

"A mere rehearsal of the evidence would not materially assist the court, nor subserve any beneficial purpose. On the other hand, to require a recitation of the testimony might mislead and confuse the jury, by tending to withdraw their attention from their verdict. The object of the practice permitted by the statute is not that the court may ascertain whether the jury has correctly found any fact or facts to exist, for a determination as to the facts is within the sole province of the jury; nor is it the purpose of the statute that the jury may, by the submission of interrogatories, be cross-examined respecting their conclusion upon any particular fact arising in the case. But as above suggested, the manifest design is in general that it may be ascertained from the special findings, whether the jury by its verdict, has correctly applied the law to the facts found."

The identical point involved in the case at bar was passed upon and discussed at length by the Supreme Court of Nebraska in the case of Atchison, Topeka & Santa Fe Railroad Co. v. Lawler, 40 Nebr. 356, 58 N. W. 968, where the court, after reciting the statute of that state, which is almost identical with section 5780, supra, said:

"In the statutes of some states the word "shall" is used in this connection, and where the word "shall" is used, the courts hold that when the findings are in proper form and the request to submit them at the proper time, the judge must submit them; but on the other hand, where "may" is used, as in our law, it is discretionary with the trial judge or court to submit special findings or not, however proper or pertinent they may be in substance or suf-

ficient in form. * * * We think * * * that it is a
discretion which must be soundly and reasonably exer-
cised by the court or trial judge, and its exercise may be
reviewed, as may the exercise of other discretionary pow-
ers. We then have only the question on this branch of
the case for determination, was the refusal to submit the
special findings, requested by the defendant, an abuse of
the discretionary power of the trial court or an improper
exercise of it? The case was not a very complicated one
and the facts to be considered and the questions to be de-
termined from them, by the jury in their deliberations,
were not very numerous, and after a careful and thorough
examination of all of the facts and circumstances of the
case as presented and preserved in the record, the manner
in which the case was tried and submitted to the jury, we
cannot discover any arbitrary, or partial exercise, or abuse
of discretion in the refusal of the trial judge to present
the fourteen questions to the jury for them to answer.''

As in the Nebraska case just cited, so in the case at bar;
the facts to be considered by the jury were not very com-
plicated and not very numerous; the principles of law in-
volved were comparatively simple. The case seems to
have been tried fairly. Full and complete instructions
were given to the jury upon the law in the case, and we
have not been able to discover where the court abused its
discretion in refusing to submit to the jury the special
interrogatories asked in this case.

3.   The defendant also contends that the evidence clear-
ly shows that the plaintiff was guilty of contributory neg-
ligence and that the jury should have been directed to
return a verdict for the defendant on that ground. It
would not subserve any good purpose to enter into a de-
tailed discussion of the testimony in this case. Plaintiff
and her husband, and one Levi Knecht, drove in an auto-
mobile from Lead, South Dakota, to the place of the acci-

dent, on August 26, 1922.   Plaintiff's husband drove the
car to the town of Newcastle, where the parties arrived at
about 7:30 in the evening of August 26, 1922, stopping
there approximately an hour and starting to travel west
on the street where the accident occurred about 8:30 in
the evening of that day.   Levi Knecht drove the car from
Newcastle on.   The street taken was Warren Avenue.   A
creek crossed that street and a bridge had been con-
structed over it.   In the latter part of July 1922, the main
part of this bridge had been washed out, leaving only the
approach thereto, constructed of boards, and 46½ feet in
length.   When Knecht drove the automobile in question
onto the approach, he failed to notice that the main part
of the bridge was gone, and plunged with the automobile
and the occupants of the car into the creek, ten feet deep,
injuring the plaintiff, as well as her husband.   The evi-
dence as to barriers or danger-signs on Warren Avenue
to warn travelers that the bridge was out, is very much in
dispute.   The testimony on the part of defendant shows
that barriers were erected the next morning after the
bridge was washed out and were kept in tact to the day
of the accident.   The testimony on behalf of plaintiff
shows, or tends to show, that no barriers were erected at
any time, and that in any event no barriers or danger-
signs existed for at least a number of days preceding the
date of the accident.   It is reasonably clear under all of
the testimony, that on the night of the accident in ques-
tion there were practically no barriers, or danger-signs, to
warn travelers that the bridge was gone.   Whatever bar-
riers or danger-signs there were, seem to have consisted
of a stump of a tree away from the center of the street.
The approach to the bridge in question was, as stated be-
fore, 46½ feet in length, and sloped upward toward the
main part of the bridge.   The degree of the slope is not
definitely shown.   Some of the testimony indicates that
it was approximately five percent; other testimony shows

that the difference in the elevation between the two ends was approximately one foot. There is also some testimony indicating that there was a slight curve in the approach leading up to the main part of the bridge. Plaintiff and her husband, as well as Knecht, were acquainted with the street and with the bridge. The bridge had had railings several feet in height. The car was travelling at a rate of ten to fifteen miles an hour and could have been stopped at from six to eight feet. Its lights were shining and generally illuminated the road ahead about thirty-five to forty feet, and the brakes of the car were in good condition. Counsel for the defendant vigorously contend that, in view of the fact that plaintiff was conversant with the bridge and the railing thereon, the absence thereof should have been noticed, and the car should have been stopped before plunging into the creek. Some of the testimony supports that contention. Knecht, however, and another witness, made an experiment shortly after the accident on the night in question, drove up onto the approach of the bridge in question, with the lights of the car in proper order, and they both testified that it was impossible in the night-time to notice that the bridge was gone. Further, the incline on the approach of the bridge probably threw the light of the car higher than the level of the bridge; just how much higher, we are unable to say, but, perhaps, a sufficient distance so as to make it impossible to see the bridge, even in the exercise of ordinary care. Plaintiff and the driver did not know that the bridge had been washed out. They naturally would not be looking to see whether it was or not, and we are not prepared to hold that they were negligent as a matter of law in not noticing its absence, and in not stopping the car before it plunged into the creek. We think that the questions of negligence and of contributory negligence were properly submitted to the jury.

4. The remaining assignments of error need not be considered in detail. We find no error in refusing to give, or in giving, instructions in the case. The following question was asked on cross-examination of one of the witnesses in reference to the erection of a barrier on the street in question on the Monday following the accident: "Is the barrier that is there now in the same position it was when you put it up the Monday following the accident?" The question was objected to as tending to show that a barrier was erected subsequent to the injury of the plaintiff and that such evidence is improper. We need not determine that question. The witness had already testified at length, without any objection, that he re-established the old barrier on the morning after the accident in question and that he put up new barriers on the Monday after the accident. Hence the question and the answer thereto, objected to as aforesaid, could not possibly be prejudicial.

The judgment in the court below should accordingly be affirmed, and it is so ordered.

*Affirmed.*

POTTER, C. J., and KIMBALL, J., concur.