### TOWN OF CODY v. SOTH*
(No. 1336; Feb. 8, 1927; 252 Pac. 1021.)

MUNICIPAL CORPORATIONS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE
TRIAL—INSTRUCTIONS—CHOICE OF UNSAFE ROUTE.

1. Where plaintiff, running to fire in nighttime, tripped in
   hole in sidewalk, existence of which he knew, when he
   could have taken a safer route, whether in exercise of
   ordinary care he was entitled to take the sidewalk or
   should have taken the safer way was a question for the
   jury.

2. Where person is injured on account of a defect of which
   he knows in a sidewalk, and where he knows of another
   way of reaching his destination, his failure to exercise
   reasonable care in the selection of routes is contributory
   negligence.

3. Where person was injured on account of known defect
   in sidewalk and knew of another way to his destination,
   the court prejudicially misled the jury by assuming in
   its instructions that failure to exercise care in selection
   between routes was not contributory negligence fatal to
   recovery.

*See Headnotes:   (1) 28 Cyc. p. 1513 n. 83.   (2) 28 Cyc. p. 1428
n. 55.   (3) 38 Cyc. p. 1661 n. 69.

ERROR to District Court, Big Horn County; PERCY W.
METZ, Judge.

Action by George P. Soth against the Town of Cody.
Judgment for plaintiff, and defendant brings error.

*Dwight E. Hollister,* and *Thomas M. Hyde* and *H. C. Brome,* for plaintiff in error.

The instructions given by the court allowed the jury to find that plaintiff was exercising ordinary care and diligence at the time of his injury; there is no evidence in the record supporting a finding of that kind, therefore the instructions are erroneous; the law respecting the duty of cities and towns with reference to the maintenance of sidewalks, and the duty of pedestrians using them, is well stated in 21 L. R. A. N. S. 614; see also, 28 Cyc. 1419-1428. A traveler passing over a defective sidewalk, with knowledge of another route equally convenient, in the same direction, without defects, is guilty of negligence that will defeat recovery; Gibson v. City, 133 N. W. 712; Wright v. City, 55 N. W. 819; Waldman v. Skrinka Co., 233 S. W. 242; Smith v. Shamokin, 110 A. 640; Isley v. Kansas City, 237 S. W. 873; Spiker v. Ottumwa, 186 N. W. 465; City v. Edwards, 77 So. 841; Osborne v. City, 197 Ill. App. 267. Plaintiff may recover only upon the allegations of his petition; Drown v. Co., 81 N. E. 326.

*E. E. Enterline, C. A. Zaring* and *Rockwood Brown,* for defendant in error.

Defendant had a right to move for a judgment notwithstanding the verdict; 5897 C. S. Plaintiff's evidence established negligence; Puckett v. Sherman, (Mont.) 205 Pac. 250; Mitchell v. Ry. Co., 208 Pac. 903; Johnson v. Ry. Co., 230 Pac. 52. The motion invoked no element of discretion; Midland R. Co., v. Gibson, 221 Pac. 100. It is only when, as a matter of law, there is neither evidence nor reasonable inference from evidence to sustain the verdict that a motion non obstante veredicto will be granted; Groundwater v. Town, 160 Pac. 1055; Woolen v. Sloan, 162 Pac. 985; Murry v. City, 165 Pac. 895; Worthy v. Co., 195 Pac. 222; Campbell v. Weller, (Wyo.) 164 Pac. 881. Contributory negligence must be pleaded as a defense; C.

B. & Q. Ry. Co. v. Cook, 18 Wyo. 43. Contributory negligence of plaintiff, presupposed negligence of defendant; Birsch v. Co., (Mont.) 93 Pac. 940; Phillips v. Classen, 219 Pac. 708. The defects in the sidewalk warrant recovery; City v. Wells, (Okla.) 191 Pac. 186; City v. Davis, 55 Pac. 492; Sheron v. City, 257 Ill. 458; Kansas City v. Bradbury, (Kan.) 23 A. S. R. 371; Leonard v. City, (Mont.) 65 Pac. 425; Dillon on Municipal Corporations, Secs. 1025-1027; Cartano v. City, (Ore.) 176 Pac. 789. Negligence is failure to do what a reasonable person would do under the circumstances; Baltimore Ry. Co., v. Jones, 95 U. S. 439; Yeager v. Town, (Ia.) 88 N. W. 1095; City v. Carroll, (Va.) 40 S. E. 37; Ohliger v. City, (Ohio) 10 O. C. D. 762. One knowing the defective condition of a sidewalk may use it, even after dark, without contributory negligence; Schmidt v. Town, (Wis.) 159 N. W. 724; City v. Kubler, 133 Ill. App. 520. At any rate, it was a question for the jury; Higginbottom v. Village, (Miss.) 74 So. 133; City v. Ebenschweiger, (Ky.) 188 S. W. 946; Maki v. City, (Minn.) 133 N. W. 80; Winship v. City, (Mass.) 87 N. E. 600; Mayhood v. City, 103 N. Y. S. 856; Cook v. Town, (Ia.) 112 N. W. 157; Richmond v. City, 190 Ill. App. 227; Neeley v. Town, (Ia.) 117 N. W. 981; Hill v. City, (Mo.) 128 S. W. 214. One is not obliged to keep in constant mind every peril that might possibly arise from defective sidewalks; Robinson v. City, (Wis.) 142 N. W. 125. Knowledge of the defect does not preclude recovery; City v. Chrisman, (Ill.) 54 N. E. 997; City v. First, (Ind.) 53 N. E. 246; Belvea v. City, (Mich.) 99 N. W. 740. The foregoing is supported by the overwhelming weight of authority; it is not negligence to walk upon a street, which one can see is out of repair; Langbein v. Swife, 121 Fed. 416; City v. Secrest, (Ky.) 75 S. W. 268; Pitman v. City, (Okla.) 37 N. E. 574. It is merely a circumstance to be considered by the jury; Murphy v. City, 83 Ind. 76; Barr v. City, (Mo.) 16 S. W. 483; City v. Witman, (Ind.) 23 N. E. 796; Dahmer v. Ry. Co., (Mont.) 136 Pac.

1059. Mere opinion of the court, that a verdict is excessive, does not justify interference unless it appears to have been the result of passion or prejudice on the part of the jury; Hollenbeck v. Corporation, (Mont.) 129 Pac. 1058; Mullery v. Ry. Co., (Mont.) 148 Pac. 323. There is no presumption of passion or prejudice in arriving at a verdict; Yergy v. Co., (Mont.) 102 Pac. 310; Badboy v. Brown, 213 Pac. 246. Assessment of damages is for the jury; Rice v. City, (Ia.) 100 N. W. 506; Jensen v. Co., (Utah) 138 Pac. 1185. Judgments entered upon conflicting evidence will not be disturbed; Mc Fadden v. French, 29 Wyo. 401; Wettlin v. Jones, (Wyo.) 234 Pac. 515; Carlson v. Schmidt, 21 Wyo. 498.

Blume, Chief Justice.

This is an action brought by George P. Soth against the Town of Cody, for an injury claimed to have been sustained by him by reason of a defective sidewalk in said town. The case was submitted to a jury, which returned a verdict in favor of plaintiff in the sum of $10,000. This verdict was reduced by the court to the sum of $7,000, and judgment was rendered for plaintiff on April 13, 1925, in that amount. From this judgment the town has brought this case here by petition in error. The parties will be referred to herein as in the court below.

On the night of July 29, 1916, the plaintiff was living on Third Street in the town of Cody. About midnight, he heard a fire alarm. He got out of bed, saw flames at the Irma hotel—three blocks away from where he was living —and claims to have heard calls for help. He ran to the fire and in doing so traveled along the sidewalk on the east side of Third Street, where he was accustomed to go, and a short distance after passing the alley in the block in which he was living, he tripped and fell and sustained the injury for which he subsequently sued in this action. He testified that he stepped into a hole left by a broken board in the sidewalk, and that he had known of

this defect and danger in the sidewalk for a period of a year or more, during which time he had each day observed and seen it. He claims that he ran and that he thought of nothing except the fire at the Irma hotel and of the persons who had cried for help. He was corroborated in his testimony as to the defect in the sidewalk by the witness Tyler, at whose place the plaintiff was rooming. This witness also went to the fire, and, as we understand the testimony, instead of taking the sidewalk above mentioned, took the street and then a path which led to the Irma hotel. The testimony shows there was a path in the unoccupied block west of where plaintiff was living and in the block north thereof, which path led diagonally to the Irma hotel. The condition of this path is not clearly shown. Third Street, inside of the sidewalks, was, however, shown to have been in good condition, to the knowledge of plaintiff.

1. The defendant asked the court to give the following instructions, which the court refused to do:

"If plaintiff was guilty of contributory negligence, that is, if, having his choice of two routes, one safe and unobstructed and the other defective and dangerous, he knowingly selected a defective and dangerous route, then he cannot recover in this action, even though you should find from the evidence that the sidewalk in question was defective and the city negligent in their care and maintenance."

Another instruction of similar import was also asked, but refused. The general principle above stated, though ordinarily expressed somewhat differently, appears to be recognized by all the authorities without exception. McQuillan, Municipal Corporations, sec. 2828; Thompson, Commentaries on Negligence, sec. 6273; Elliott, Roads and Streets, sec. 1154; Sherman & Redfield (6th ed.) on Negligence, sec. 376; Beach, Contributory Negligence, (3rd ed.) sec. 247; 28 Cyc. 1428; Note 21 L. R. A. N. S. 659-661.

In fact the asked instruction, above set out, seems to closely follow what is said in the first portion of sec. 2828 McQuillan, supra, where it is said:

"It is well settled, that a traveler who knows, or as an ordinarily cautious person ought to know, that it is dangerous to pass over defective drive-ways, crosswalks or sidewalks and does so, although he might have taken another path or course in the same direction, is guilty of such negligence as will defeat recovery for damages in event of injury caused by the dangerous condition of the way."

The instruction asked would make it contributory negligence as a matter of law if a traveler would pass over a sidewalk which he knows to be defective and dangerous. We think that, in this, according to the weight of the authority, it went somewhat too far. Every defect is dangerous to some extent, and the cases are unanimous that a man cannot be held to be negligent as a matter of law because he passes over a defective walk with knowledge of the defect. The instruction asked leaves out of consideration the seriousness or imminency of the danger, or, as some of the authorities put it, the fact, that a traveler, to bar recovery because of contributory negligence, must not alone have knowledge of the defect and danger of a path, but must also appreciate this danger and must know, as an ordinarily prudent person, that it is imprudent to travel over such path. Gibson v. Dennison, 153 Iowa 320. 133 N. W. 712, 38 L. R. A. (N. S.) 644.

It is said in Thompson on Negligence, sec. 6273:

"One who with full knowledge of the defective condition of a sidewalk, crosswalk or roadway, and of the risks incident to its use, voluntarily attempts to travel upon it, when the defect can be easily and without substantial inconvenience be avoided by going around it or taking a safer way, is not in the exercise of reasonable care, but assumes the risk, and cannot recover damages from the city for any resulting injury."

In Beach, supra, sec. 247, it is said:

"When the highway is out of order, it is held, as a general rule, not negligent to use it in as prudent a way as practicable, which is to say that using a defective highway is not negligence as a matter of law.   *   *   * But when the condition of the highway is such that it is obviously dangerous to go upon it, and it appears that the plaintiff might easily have taken another course and avoided the danger, there can be no recovery in case of injury.  To go upon such a highway under such circumstances, is negligence sufficient to bar an action for damages.  Mere knowledge, however, of defects or danger in the highway, on the part of the person injured thereby, is not conclusive evidence of negligence, contributing to the injury."

To the same effect is 28 Cyc. 1428; Elliott, supra, sec. 1154. In the case of Jackson v. Grinnell, 144 Iowa 232, 122 N. W. 911, the rule is stated as follows:

"If the plaintiff knew the walk was defective, if he believed as an ordinary prudent man had a right to believe, that he could use it with safety, then he was under no obligation to select another route of travel, although there were other and better walks which might have served his purpose."

The converse of this statement is shown in Gibson v. Dennison, supra.  One of the best statements of the rule that we have seen is found in March v. Phoenixville Borough, 221 Pa. St. 64, 70 A. 274 which is as follows:

"Where the traveler has knowledge of a defect in the highway, it does not follow as a legal consequence that he must, under all circumstances, avoid the use of it and reach his destination in some other way.  It is a question of the character and imminency of the danger and the difficulty and the inconvenience of avoiding it.  If the danger was serious and imminent, it might be the traveler's duty, as a matter of law, to avoid it at any inconvenience.  If, however, the danger was trifling and the

inconvenience of taking some other way was so great that an ordinarily prudent man would not subject himself to it, it would not be negligence not to do so. Between these extremes are the countless graduations of danger and ways of avoiding it, depending on the circumstances. This class of cases must necessarily go to the jury.''

Tested by the rule as announced in this case, the instruction asked by the defendant went, we think, somewhat too far. The evidence in the case was not such that the court could say, either in an instruction to the jury, or otherwise, that the plaintiff was guilty of contributory negligence as a matter of law by taking the defective and dangerous route, or, on the other hand, that the plaintiff had the right, as a matter of law, to travel on the sidewalk. It was a question for the jury as to whether or not the plaintiff, in the exercise of ordinary care and prudence, was entitled to take the sidewalk or should have taken a safer way. And, of course, the court had no right to take away from the jury, in order to determine whether plaintiff was guilty of contributory negligence, the consideration of the testimony that there was another, safer way which he could have taken, particularly since he traveled at night and was running. What might have been ordinary care and prudence in a case where plaintiff had but one way which he could have taken, might not have been such in a case where he had the option to take another way which would have been safer than the one that was taken. And the serious question in the case is as to whether or not the court deprived the jury of the right to consider this fact.

The court instructed the jury as follows, in so far as the instructions have any bearing on the point in question:

''Instruction No. 5.

The Court instructs the Jury that it was the duty of the defendant to keep the sidewalk mentioned in the pleadings and evidence in a reasonably safe condition for public

travel so that pedestrians lawfully passing along and over such sidewalk by day, as well as by night, might do so with reasonable safety to themselves.

## "Instruction No. 6.

You are instructed that if you believe from the evidence that the defendant carelessly or negligently kept or maintained or carelessly permitted the sidewalk in question to be or remain in an unsafe, defective or dangerous condition or negligently or carelessly permitted the said sidewalk to be or remain out of repair at the place where plaintiff alleges he was injured, and if you further find from the evidence that *while traveling upon said sidewalk* and while in the exercise of ordinary care the plaintiff tripped or stumbled and fell at such place and sustained injuries by reason of the unsafe or defective or dangerous condition of said sidewalk, then your verdict must be for the plaintiff and against the defendant. (Italics are ours.)

## "Instruction No. 7.

The Court instructs the Jury that it was the duty of the defendant to use reasonable care to keep the sidewalk in question in a reasonably safe condition for public travel. That where a sidewalk remains in an unsafe, dangerous or defective condition for such length of time, that the defendant in the exercise of ordinary care and diligence should have discovered such condition and remedied it, then notice to the defendant of such unsafe, dangerous or defective condition of such sidewalk is presumed.

## "Instruction No. 8.

You are instructed that it was the duty of the defendant in this case to exercise reasonable care in keeping the sidewalk in question in a reasonably safe condition for use by the public, whether it constructed the sidewalk or not. Whatever the public safety reasonably requires, is the measure of diligence or care to be exercised by defendant. so in this case if you find from the evidence that the defendant failed to exercise reasonable care in keeping the sidewalk in question in a reasonably safe condition for use by the public then the defendant is liable in damages to the plaintiff for the injury, if any,

plaintiff sustained *while using said sidewalk,* in the exercise of ordinary care and diligence on his part.'' (Italics are ours.)

It will be noticed that the court entirely ignored the question that there was another and safer way, which the plaintiff might have taken in going to the fire, and apparently was under the impression—as was counsel for the plaintiff, if we judge rightly from the objections made by him during the course of the trial—that the plaintiff was in no event required to take the middle of the street, which was shown to have been safe, and which was actually taken by the witness Tyler in going to the same fire. But the court and counsel were wrong in this, and it was for the jury to say, as heretofore stated, whether or not plaintiff should not, in the exercise of ordinary care and prudence, have selected the safer route. Roop v. Gross, 25 Pa. Dist, 581; Rothacker v. Philadelphia, 42 Pa. Super. Ct. 408; 28 Cyc. 1428-29. In fact, in the case of Bohl v. Dell Rapids, 15 S. D. 619; 91 N. W., 315, the court held that the plaintiff was, under the circumstances of that case, guilty of contributory negligence as a matter of law in choosing to travel on a sidewalk instead of in the middle of the street. By instruction No. 6, the jury were told, that if the sidewalk in question was negligently permitted to be out of the repair, the plaintiff was entitled to recover if he was in the exercise of ordinary care ''while *traveling upon said sidewalk.''* The same thing substantially was stated in instruction No. 8. In other words, the care required on the part of the plaintiff was limited to the time while he was traveling on the sidewalk in question. Now the plaintiff was, of course, required to exercise ordinary care while he was traveling on the sidewalk, if he traveled on it at all. But that was not the sole care required on his part. He might exercise not only ordinary, but the very greatest care while traveling on the sidewalk, and yet might be guilty of negligence,

and at times of negligence as a matter of law, if the danger was imminent and serious and he knew it, or if, as expressed by some of the cases, he knew of the defect and that it was imprudent to take it, and where he might have taken another convenient and safer path; Cosner v. Centerville, 90 Ia. 33, 57 N. W. 636; Gibson v. Dennison, 153 Ia. 320, 133 N. W. 712, 38 L. R. A. (N. S.) 144. In other words, ordinary care under these circumstances was also required in the selection of the route itself. As stated in Thompson on Negligence, supplement, sec. 6273:

"The rule in such case seems to be that where there are two ways of travel, the one safe and the other unsafe, it is the duty of the traveler knowing the condition of both ways to exercise the care of an ordinarily prudent person *in selecting* the safe way, and if he fails to do so and is injured, he is denied a recovery on the theory of contributory negligence."

And in Cosner v. Centerville, supra, it was said:

"It may be, as he claims, that he was using due care when in the act of attempting to cross the ice, but he failed to show any sufficient reason for making the attempt, and the jury were not justified in finding that he used due care."

As heretofore stated, not only did the court entirely ignore this point in his instructions, but the instructions as given limited the care required of plaintiff to the time that he was actually traveling on the walk in question, and impliedly, if not expressly, excluded from the jury all consideration of the care required of plaintiff in the selection of the route. This was error. The court repeatedly stated in the instructions, and apparently emphasized the fact, that it was the duty of the town to keep its sidewalks in reasonably good repair for travel, and while this was not objectionable as an abstract proposition of law, it

could not, in view of the testimony that there was another, safer way for plaintiff to take, which was ignored, and in view of the instructions as a whole, but give the impression to the jury that the plaintiff had the absolute right to travel along the sidewalk in question regardless of its condition, or the plaintiff's knowledge thereof and regardless of the fact that there was another way which the plaintiff might have taken with greater safety. This is the impression which we get from the instructions as a whole, and we think the jury did. The correctness of this construction of the instructions given is borne out by the fact that the court failed to mention the safer way, though two instructions on that subject were asked. We think that in any event, the instructions given were, in view of the evidence, misleading on the point under consideration, and this was sufficiently harmful, we think, under the circumstances, to require a reversal of the case.

In view of the foregoing conclusion, and as we think that the case should be sent back for a new trial in any event, it is not necessary to enter into a discussion of the other assignments of error herein and we have thought it best not to do so, except to say that the courts appear to hold that the fact that a traveler runs on a street and that while doing so he momentarily forgets a known defect, does not necessarily make him guilty of contributory negligence as a matter of law. Instructive cases are: Weare v. Inhabitants of Fitsburg, 110 Mass. 334; Barton v. Springfield, 110 Mass. 131; McCormick v. City of Monroe, 64 Mo. App. 197; Chicago v. Cohan, 139 Ill. App. 244; Ottawa v. Hayne, 114 Ill. App. 21; Dondono v. Indianapolis, 44 Ind. App. 366, 89 N. E. 421; Nesneen v. City of New Orleans, 134 La. 455, 64 So. 286, 51 L. R. A. N. S. 324; Udwin v. Spirkel, 136 Ill. App. 155. In each of these cases the court held that the question of contributory negligence of the plaintiff was for the jury.

The judgment of the District Court is accordingly reversed and the case remanded for a new trial.

*Reversed and Remanded.*

POTTER, J., and KIMBALL, J., concur.