**H. L. BIEBER, Plaintiff,**

v.

**CITY OF NEWCASTLE, a municipal corporation, Louis W. Carlson, James T. Fletcher and Faye Bessey, Defendants.**

**Civ. No. 4781.**

United States District Court
D. Wyoming.

May 28, 1965.

J. F. Mahoney, of Mahoney & Murphy, Casper, Wyo., and Ken C. Graves, of Graves & Lehnert, Rapid City, S. D., for plaintiff.

Edward E. Murane, of Murane, Bostwick, McDaniel & Scott, Casper, Wyo., for defendant City of Newcastle.

**458**

KERR, District Judge.

Plaintiff, a citizen of the state of South Dakota, brought this action to recover damages for injuries allegedly suffered from the negligence of the city of Newcastle, Wyoming, a first class city, its mayor and city engineer, and against the owner of the property contiguous to the defective sidewalk. The case was tried to the Court, with a jury. Two verdicts were returned, the jury finding in favor of Faye Bessey, the owner of the contiguous property, and against the city of Newcastle and in favor of plaintiff, exonerating the mayor and city engineer. Damages were assessed at the sum of $5,000.00. Prior motions for summary judgments were overruled. The matter now before this Court is the oral motion of defendant city of Newcastle for judgment notwithstanding the verdict.

Defendant city of Newcastle made no attempt to claim immunity from plaintiff's suit. It is defendant's contention that liability can not attach to the city of Newcastle when, regardless of actual or constructive knowledge of the defective sidewalk, it did not have the written notice as required by Sec. 15–28, Wyoming Statutes, 1957.

■ In Wyoming, the municipal corporation owes a duty to the traveling public to keep its streets and sidewalks in a reasonably safe condition and in reasonably good repair for the traveling public. Quest v. Town of Upton, 36 Wyo. 1, 252 P. 506 (1926); Town of Cody v. Soth, 36 Wyo. 66, 252 P. 1021 (1927). The essence of plaintiff's complaint is that the city of Newcastle, negligently, wrongfully and knowingly permitted a dangerous condition to exist upon the public sidewalk, which negligence occasioned plaintiff's injuries and damages. The hole into which plaintiff fell was located partly on the public sidewalk and partly on the property of Faye Bessey. It measured 3.3 feet east and west, and 1.11 feet north and south and was approximately 9 feet deep. It had been there for years, resulting from the razing of an old hotel. Faye Bessey and her brother knew it was there and attempted to keep it covered, though it was not covered on the night of the accident. Plaintiff was a visitor to the city and did not know that the sidewalk was in a defective condition and did not see the hole before falling into it.

■ Plaintiff's theory is one of nonfeasance, that is, of failure on the part of the city to keep the sidewalk in good repair. The authorities agree that where the defects or causes of injuries are not traceable to a positive act of the municipality or of those for whose conduct it is liable, but are due to its failure to inspect and ascertain the existence of defects not caused by its own active negligence, then it must have notice, actual or constructive, of the defects, and must have had a reasonable time and opportunity to remove the defects. Hanks et ux. v. City of Port Arthur, 121 Tex. 202, 48 S.W.2d 944, 83 A.L.R. 278 (1932), citing White on Municipal Negligence, Secs. 225 and 460, and McQuillen on Municipal Corporations, 2d Ed., Vol. 7, Sec. 2996.

■ The right of action against a municipal corporation "is a matter of legislative favor and may be withheld, granted absolutely, or granted on condition". 64 C.J.S. Municipal Corporations § 2186, Page 1029. Throughout extensive legislative revisions of the statutes relating to cities and towns, the Wyoming legislature has preserved the conditional liability of cities of the first class as provided in Section 15–28, Wyoming Statutes 1957. This statute was read to the jury:

"Cities of the first class *shall be absolutely exempt from liability* for damages or injuries suffered or sustained by reason of defective public ways or the sidewalks thereof within the limits of such cities, *unless actual notice in writing of the defect* of such public way or sidewalk shall have been filed with the city clerk at least *five days before the occurrence* of such injury or damage. *In the absence of such notice, so filed, the city shall not be liable,* and in all cases such notice shall describe with particularity the place and nature

of the defects of which complaint is made." (Emphasis supplied.)

Plaintiff complied with the requirements of Section 15–29, Wyoming Statutes 1957, providing that no suit shall be instituted against a first class city for any claim whatever unless it shall first have been presented to the city council. That section, therefore, is not in issue, but is mentioned briefly to show its relation to Section 15–28, Wyoming Statutes 1957, in the legislative scheme of municipal liability and suits against cities of the first class. Sections 15–28 and 15–29 were originally enacted by Chapter 51, Session Laws of Wyoming 1909, Sections 49 and 51, respectively. In 1915 and 1931, Sections 52 through 76 of said Act were repealed. In 1961 the legislature made a general revision of the laws relating to cities and towns, and repealed the balance of Chapter 51, Session Laws of Wyoming 1909, with the exception of seven sections, two of which were Sections 15–28 and 15–29. The comprehensive revisions in the 1965 Municipal Code, to be effective July 1, 1965, made only minor grammatical amendments in the former Sections 15–28 and 15–29.

The only reference to Section 15–28, Wyoming Statutes 1957, by the Wyoming Supreme Court has been in the case of Opitz v. Town of Newcastle, 35 Wyo. 358, 249 P. 799 (1926), at which time Newcastle was not a first class city. The Court followed the long established and recognized rule that the town was liable for negligence in failing to use reasonable care in keeping its streets in reasonably safe condition for public travel, and in safeguarding, by proper danger signals, the places of danger thereon. The Supreme Court commented that the legislature seemed to have given recognition to such rule of liability by never having repudiated it and by having limited it with reference to first class cities by the enactment of what is now Section 15–28. At page 363, 249 P. at page 800, the Wyoming Supreme Court said:

"It would seem that the legislature, by the enactment of this section, recognized the necessity of affirmative legislation in order to limit the liability of municipalities, in case of negligence in maintaining its streets."

This Court accedes to the reasoning of the Wyoming Supreme Court that Section 15–28, Wyoming Statutes 1957, limits the liability of first class cities for damages or injuries suffered or sustained by reason of defective public ways or sidewalks within the limits of such cities. That statute is clear and unambiguous, and if it is applicable to the case at bar, it is a good defense and the city of Newcastle is exempt from liability for damages suffered by the plaintiff for the reason that written notice was not filed with the city clerk at least five days prior to plaintiff's accident.

The question, therefore, to be decided is whether Section 15–28, Wyoming Statutes 1957, is applicable to the facts in the case at bar.

There is reliable authority for the rule that even though actual notice is required by the statute as a condition of municipal liability, such notice is nevertheless "not necessary when the defective condition is due to the direct act of the municipality or of those acting by its authority * * *." 63 C.J.S. Municipal Corporations § 825, P. 164. At the trial of this case, the evidence disclosed that the hole in the sidewalk on account of which plaintiff was injured, was not created or caused by an act of the city, nor in the course of work authorized by a city permit. Therefore, the cases dispensing with the statutory requirement of written notice where the defective condition was created by the city are not controlling in the case at bar.

In the case of Rox et al. v. Village of Great Neck et al., 25 Misc.2d 848, 214 N.Y.S.2d 213, District Court, Nassau County, 1959, the statute required a written notice as does the Wyoming law, and no notice was given. The contractor was engaged by the city to excavate and refill a certain portion of the street. Stating that the city had a continuing

duty to see that its streets and sidewalks were reasonably safe, the Court said:

"If the municipality has notice of the original excavation and it is made with the municipality's permission, a duty of inspection continues until restoration is complete and the municipality is entitled to no other notice of the condition. * * * This principle has been applied to obviate the necessity of a written notice of a defective condition or dangerous obstruction where the defective condition or obstruction is created or constructed in the course of work authorized by a permit."

The New York courts have held, however, that an action is barred by the charter provision requiring written notice as a condition precedent, where the city did not create the dangerous or defective condition and had no written notice of it before the accident. Heywood v. City of Buffalo, 18 A.D.2d 770, 235 N.Y.S.2d 196 (1962); D'Imperio et al. v. Village of Sidney et al., 14 A.D.2d 647, 218 N.Y.S.2d 165 (1961), appeal dismissed 11 N.Y.2d 929, 228 N.Y.S.2d 678, 183 N.E.2d 82 (1962), affirmed 12 N.Y.2d 927, 238 N.Y.S.2d 314, 188 N.E.2d 526 (1963).

The Supreme Court of Nebraska has followed the pattern of the New York courts. In the case of Enyeart v. City of Lincoln, 136 Neb. 146, 285 N.W. 314 (1939), the evidence sustained the conclusion that the dangerous condition was due to improper construction of the sidewalk, that the original responsibility for this condition was properly chargeable to the city, and that the city had actual knowledge, but no written notice, of the dangerous condition. The City Charter, like the Wyoming Statute absolutely exempt the municipality from liability, unless written notice of the defect had been previously filed with the city clerk. Holding that the provisions of the charter requiring written notice were inapplicable, and that failure to file a notice was no defense, the Nebraska court said:

"But, where the ground of the action is positive misfeasance on the part of the corporation, its officers or servants, or by others under its authority, in doing acts which cause the streets or sidewalks to be unsafe or out of repair, no other notice to the corporation of the condition of the street is essential to its liability * * *."

Likewise, in the case of Anthony v. City of Lincoln, 152 Neb. 320, 41 N.W.2d 147 (1950), the Nebraska Supreme Court distinguished between the situations where the statutory requirement of prior written notice of the defect was applicable and where it was inapplicable:

"Where the defect in question was not caused by any positive negligent act on the part of the city, either in the original construction of the sidewalk, or in subsequently creating a defective or dangerous condition in or on it, the city may not be subjected to liability, if the requirement of the statute and charter have not been satisfied."

The Supreme Court of Nebraska then expressed the alternative as follows:

"The statutory and charter requirement of written notice to the city of its defective sidewalk before the occurrence of the injury complained of has no application to an obstruction or defect caused by the city itself. The reason of this is that the city is deemed to have knowledge of a situation it creates, and notice to it would not add to its knowledge."

Plaintiff, in the case at bar, attempted to obviate the necessity of prior written notice of the defect by showing actual knowledge or constructive notice due to the fact that the dangerous and defective condition existed in the sidewalk long before the time when Newcastle became a first class city. The Supreme Court of Wyoming has recently expressed its view that notice may be implied where the obstruction, or defective or dangerous condition has existed for a period of time which would have brought its existence to the knowledge of the city sufficiently in advance of the accident to have enabled

it to cure the defect. Fanning v. City of Laramie and Simpson et al., Wyo., 402 P. 2d 460. In this recent case the court said:

"And a dangerous condition made by an abutting owner which exists for a sufficient length of time to have enabled the City to guard the public safety, is enough to render the City liable."

The Supreme Court of Wyoming did not refer to Section 15–28, Wyoming Statutes 1957, and no issue was made as to whether prior written notice of the defective condition was given the city. This court must assume that the statutory requirements were satisfied or that they were not applicable.

Plaintiff has not challenged the constitutionality of Section 15–28, Wyoming Statutes 1957. The Oklahoma statute requiring written notice has been declared null and void. See City of Tulsa v. Macura, 186 Okl. 674, 100 P.2d 269 (1940). In Town of Antlers, Oklahoma v. Benson, 10 Cir., 247 F.2d 437 (1957), reh. den., the court commented that it is the duty of a municipal corporation in Oklahoma to exercise ordinary care in maintaining its streets and sidewalks in safe condition, and in the inspection of its streets and sidewalks to ascertain that they are in a reasonably safe condition for use of the public. That court said:

"Where it is shown that a defective condition existed in a sidewalk a substantial length of time prior to an injury, actual notice to the city of the defect is not essential to recovery."

Section 15–28, Wyoming Statutes, 1957, however, seems to preclude reliance on implied notice or actual knowledge, and peremptorily requires prior written notice. In the case of Engle v. Mayor and City Council of Cumberland, 180 Md. 465, 25 A.2d 446 (1942), the city charter provided that the city shall never be liable for any damages unless the specific defect shall have been actually known to the mayor or city engineer by inspection or a notice thereof in writing given prior to the accident and proper diligence has not been used to rectify the defect. Holding that the right to sue the city is predicated upon notice being given and that absent the required notice no recovery can be had against the city, the Maryland Supreme Court said:

"The main effect of such a charter provision is to be rid of the decisions of [the] Courts sustaining a charge of constructive notice, which makes a case of this character almost impossible to defend, where municipalities and county commissioners are charged with the maintenance of streets, roads, and highways."

■ For the foregoing reasons, I am constrained to find that the verdict of the jury is contrary to the limitations of Section 15–28, Wyoming Statutes 1957, that said statute is applicable to the facts in the case at bar, and that in the absence of written notice prior to the plaintiff's accident the city of Newcastle is exempt from liability for the injuries sustained by plaintiff due to the defective sidewalk. The motion of the defendant city of Newcastle for judgment notwithstanding the verdict must be sustained and judgment will be entered accordingly.