(102 App. Div. 32.)

### McFEETERS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—INJURIES TO ANIMALS—SEWER EXCAVATION — DANGER SIGNALS — RED LIGHTS—REMOVAL—CONSTRUCTIVE NOTICE—LIABILITY.

In an action against a city for injuries sustained by plaintiff's horse falling into a sewer excavation, owing to the absence of a danger signal, it appeared that a red light was burning up to within about 153 minutes of the time of the accident, and that in the interval the lantern containing the light had been removed and broken, unknown to defendant. *Held*, that such period of time was insufficient to charge defendant with constructive notice of the removal of the light.

2. SAME—LIABILITY IN ABSENCE OF ACTUAL NOTICE.

Where defendant city placed a red light, an efficient danger signal, near a sewer excavation, it was not liable, in the absence of actual notice, for the removal of such light, by third parties, at some unknown time within a period of 153 minutes of the time when plaintiff's horse fell into the excavation by reason of the absence of the signal.

Hirschberg, P. J., dissenting.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Andrew McFeeters against the city of New York. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John Widdecombe, for appellant.
Thomas Garret, Jr., for respondent.

WILLARD BARTLETT, J. At 11:40 p. m. on the 27th day of April, 1904, the plaintiff's horse sustained injuries, which the jury have assessed at $100, by reason of falling into an excavation which the defendant had caused to be made for purposes of sewer construction in the middle of a public street along which the horse was being driven by a servant of the plaintiff. Upon leaving the work at nightfall, the foreman in charge, who was an employé of the defendant, attached to the department of sewers, had caused planks to be placed over the excavation, together with a red lamp, which was lighted and set upon a box in such a position as seasonably to warn approaching travelers in the exercise of reasonable care of the existence of danger in that part of the street. The evidence leaves no doubt that, if this red lamp had remained burning, and in its original place, until the time when the plaintiff's driver approached the spot with the plaintiff's team, the accident which gave rise to this action would not have occurred. It was proved by disinterested witnesses called in behalf of the plaintiff that the red light was in such a condition and position upon the box as to constitute an efficient signal of the presence of danger in that locality up to some time between 7 minutes past 9 and 30 minutes past 9 on the night of the accident. Later in the evening, at about quarter to 11, one of these witnesses noticed that the light had gone from the trench, and thereupon he observed that the lantern containing it had been smashed and broken up, and was lying between the electric railroad tracks in the street about 35 feet from its original location. The box upon which it stood was also overturned, and lay upon its side. Reckoning from the figures as to time so as to give the plaintiff the benefit of the maximum, it appears that not more than 153 minutes could have elapsed between the time when the red light was burning upon the box over the excavation (in such a way as to furnish an adequate warning to the plaintiff's driver) and the time when the plaintiff's horse (in the absence of this light to serve as a safeguard) was precipitated into the trench. There is no evidence or suggestion that any of the defendant's agents or servants had actual notice of this changed condition of things, and the period of time which had elapsed since it was brought about (obviously, as the facts are now disclosed, by the interference of some third person) was not sufficient to charge the defendant by the application of the doctrine of constructive or imputed notice. It seems to me that the case is indistinguishable in principle from Parker v. City of Cohoes, 10 Hun, 531, in which the opinion was written by Mr. Justice Bockes (Boardman, J., concurring, and Learned, P. J., dissenting), and which went to the Court of Appeals, where the order for a new trial was unanimously affirmed upon the prevailing opinion at the General Term, and judgment absolute was directed against the plaintiff upon his stipulation. 74 N. Y. 610. In that case the city's excavation in the street had been left at the close of the day protected by barriers of plank so constructed that, if allowed to remain in statu quo, they would have notified the plaintiff of the danger likely to result from an attempt to drive through that part of the street. Soon after the erection of these barriers one of them was removed by some person "without the defendant's agency or knowledge," and the plaintiff within a short time drove through the opening thus

made, encountered the obstacle formed by the excavation, and was thrown from his carriage and injured. Under these circumstances it was held· that the municipality was not chargeable with negligence. The barricade, being erected in the usual manner and of ordinary material, was declared to be a sufficient warning of danger to all persons who should attempt to pass that way, if left as erected; and "the defendant was not bound to anticipate mischievous or wrongful acts on the part of others; hence was not required to guard against them, and omitting to do so was not negligence." Unless the defendant was to be held responsible for the removal of the barrier, no liability was established; and as the removal was unauthorized, and the city had no notice of it, the city was not at fault by reason of the absence of the safeguard at the time of the accident. The same reasoning is equally applicable to· the removal of the red lantern which was placed by the city of New York over the excavation in the case at bar. As was said by Mr. Justice Bockes (citing State v. Bangor, 30 Me. 341), the defendant in an action of this character would be justified by showing the dangerous point to have been either well fenced or well lighted as a protection against accident. "Protection is all that is required, and, if that be sufficient, it matters not what means are employed to that end." Here the defendant did show that the excavation was well lighted for the purpose of warning approaching travelers of the danger, when it was left for the night; and, as I have already intimated, the evidence is convincing to the effect that a driver exercising due care would never have driven the plaintiff's horse into the hole if the red lamp had remained where the defendant's servants put it. The correct determination of the case therefore turns upon the question whether the city is legally responsible for its removal, in the absence of actual notice that it had been knocked down and put out. I think it would be laying down too stringent a rule to hold that the lapse of so short a period of time as intervened between the removal and the accident in the present case might be deemed operative to place the municipality in the same position as though its agents had actually known that the light was gone long enough before the accident to have replaced it, or put up some other signal of danger. In what has been said it must be understood that the discussion relates only to the circumstances of this particular case, and is not intended to apply to every excavation or other street obstruction undertaken by a municipality. There may be such undertakings, where· the crowded character of travel, the peculiar uses of the highway at the particular point, and various other conditions, would make the familiar method of warning by the use of red lanterns utterly inadequate as a safeguard, and might even require the constant presence of watchmen by night to constitute the exercise of reasonable care. All that I mean to decide here is that what the defendant did in the first instance fulfilled its duty of diligence, and that for the consequences of the interference of third persons with the precautionary measures which it thus adopted the city had not become liable at the time when the plaintiff's horse was injured. These conclusions require a reversal of this judgment.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

WOODWARD and JENKS, JJ., concur.  HIRSCHBERG, P. J., dissents.  HOOKER, J., not voting.