BUCKLEY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. MUNICIPAL CORPORATIONS (§ 819*)—TORTS—DEFECT IN STREET.

In an action against a city for injuries to one driving a wagon, owing to his having driven in the nighttime upon a bank of earth thrown up at the side of an excavation in the street, plaintiff testified that he saw no lights, but the evidence showed that lights were put on every night, that at least one of the lights was burning when the accident happened, and that both lights had been burning 10 minutes earlier. *Held*, that the evidence did not justify a finding that the city had been negligent.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1739–1743; Dec. Dig. § 819.*]

2. MUNICIPAL CORPORATIONS (§ 796*) — EXCAVATIONS IN STREET — CARE REQUIRED OF CITY.

Where under a permit issued by the street department of a city, an excavation was made in a street to repair a sewer, the city was bound to exercise reasonable care to see that it was properly guarded, and it might not absolve itself from the duty of using care by relying upon the contractor to do so, though the city was not an insurer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1655; Dec, Dig. § 796.*]

3. MUNICIPAL CORPORATIONS (§ 803*) — DEFECTS IN STREETS — CONTRIBUTORY NEGLIGENCE.

One injured by driving in the nighttime upon a pile of earth beside an excavation in a street was guilty of contributory negligence in having driven through the street at a furious speed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1673, 1682; Dec. Dig. § 803.*]

Appeal from Trial Term, New York County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John J. Buckley against the City of New York. Appeal by defendant from a judgment in favor of plaintiff and from an order denying a motion for a new trial. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Loyal Leale, for appellant.
Roger S. Baldwin, for respondent.

SCOTT, J. Appeal from a judgment for plaintiff for damages for personal injuries.

The plaintiff was the driver of a newspaper delivery wagon. Shortly after 4 o'clock a. m. of March 24, 1906, he was driving very fast up the Bowery, carrying a load of newspapers from the general post office to the Grand Central Station. Fifty feet south of Houston street an excavation had been made in the roadway by a licensed plumber under a permit issued by the street department. The excavation was for the purpose of repairing a break in a sewer. It ran north and south, was three feet wide, and about ten feet long. It was protected by planks stood up on end in the excavation, and the dirt was thrown in banks on either side; there being from 1½ feet to 3 feet between the westerly edge of the embankment and the easterly rail of the easterly car track. The excavation had lasted about 10 days. The plaintiff was driving, as he says, at a fast trot or gallop, having about 10 minutes to drive from Houston street to Forty-Second street. He was driving on the easterly track with his right wheels outside and to the east of the track. He saw the pile of dirt when he was within a few feet of it, and tried to pull out, but unsuccessfully; his wheel running up on the embankment and upsetting the wagon. He says that he saw no lights, but the evidence is quite convincing that lights were put on every night, including the night of the accident, one showing up town and another showing down town, that at least one of these lights was burning when the accident happened, and that both lights had been burning 10 minutes earlier. The court charged the jury in the main very fairly as to the degree of care which the city was bound to exercise. It, however, interjected into the charge an extract from the opinion of this court in Godfrey v. City of New York, 104 App. Div. 357, 93 N. Y. Supp. 899, which taken alone, without the context which accompanied it in the original, stated the case against the city rather more strongly than was strictly accurate. This was not excepted to, and would not be referred to but for the fact that it may have influenced the verdict, which as we think was contrary to the evidence. The obstruction was a lawful one, and such as must of necessity be created from time to time. It was not per se a nuisance which the city authorized or permitted and thus became a partner in, like those in Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506; Speir v. Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664; Landau v. New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. Rep. 709. That the city issued a permit for the excavation under the facts of this case merely establishes notice, but does not otherwise extend its liability. The result is that

the city, having notice and knowledge of the excavation, was bound to exercise reasonable care to see that it was properly guarded so as to insure the safety of those who, themselves exercising reasonable care, used the highway. The city might not absolve itself from the duty of using care by relying upon the contractor to do it, but was bound through its proper officer to see that the contractor did his duty in that regard. Still it was not an insurer of the safety of wayfarers. The evidence clearly showed that the contractors and the city had exercised care, and that the police officer upon that particular beat gave especial attention to the lights upon the excavation because he knew that newspaper wagons drove up the Bowery nightly at high speed. It was clearly established that the lights were burning up to a few minutes before the accident, at the worst. What caused the southerly light to go out, if it did go out, is not shown. At all events, the length of time that elapsed between the time it went out and the time the accident happened was too short to impute notice to the city. McFeetars v. New York, 102 App. Div. 32, 92 N. Y. Supp. 79; Gedroice v. New York, 109 App. Div. 176, 95 N. Y. Supp. 645. So far as the city is concerned, there is no difference between a light which, having been lighted, goes out, and a light which has been removed by a third person. We do not consider that the evidence justified a finding that the city had been negligent. On the other hand, there is satisfactory evidence that the plaintiff was guilty of contributory negligence. He was driving through the street on a dark night at a furious speed. This in itself indicates a lack of reasonable care, and it may readily be inferred that, if he had been driving at a moderate pace, he would have been able to avoid the obstruction.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the result. All concur.