JOHN J. GIGLIO, Appellant, *v.* NEW YORK TELEPHONE COMPANY and Others, Respondents.

Second Department, June 9, 1933.

*Jerome M. Hirsch* [*David F. Pisik* with him on the brief], for the appellant.

*Irving W. Young, Jr.* [*Edward F. Snydstrup* and *Charles T. Russell* with him on the brief], for the respondent New York Telephone Company.

*Clarence E. Mellen* [*Emanuel A. Stern* with him on the brief], for the respondent Harold Andersen, Inc.

HAGARTY, J. Plaintiff seeks to recover damages for personal injuries sustained by him at about twelve-fifteen o'clock on the morning of the 23d day of March, 1930, resulting from his car running into an obstruction in the highway on Park avenue in the city of Long Beach. Park avenue extends in an easterly-westerly direction and has two roadways, one on the north side and one on the south side, each approximately thirty feet wide, separated by a large park area. The proof adduced by both sides is that the night was dark and windy. The obstruction extended into the highway from the northerly curb of the southerly roadway approximately thirteen feet, running along for a distance of about twenty-one feet and varying in height from two to three feet, and consisted of dirt, sand and large pieces of concrete. The concrete was of the same color and physical appearance as the rest of the road pavement, and there was mixed with these pieces of concrete a bituminous material which served to bind them into a solid mass.

The telephone company had applied for and received from defendant city of Long Beach permission to disturb the surface of Park

avenue for the purpose of constructing manholes and placing multiple tile duct conduits below the surface of the road, under a permit by the terms of which defendant telephone company was to make the necessary restoration of pavement in a manner satisfactory to the city engineer of defendant city of Long Beach and to pay the necessary inspection and engineering charge. The permit provided for notice to the engineering department and the commissioner of water supply, gas and electricity of defendant city of Long Beach at least forty-eight hours before the commencement of the work, and that the work was to be done in such a manner that traffic would not be interfered with any more than was necessary. The work was started by defendant telephone company on the 23d day of January, 1930, and completed on the 28th day of February, 1930, a temporary pavement having been laid. For the purpose of carrying out the provisions of the permit, the telephone company entered into a contract with defendant Harold Andersen, Inc., to do the repaving. On the day previous to the accident the temporary pavement which had been laid by the telephone company was removed by the Andersen Company and the large pieces of concrete and dirt which had been removed were used to construct the barricade around the location. There was an unobstructed passage of seventeen feet between the southerly end of the barricade and the southerly curb of the roadway.

There is proof in the case that two lighted flares or bombs, known as Toledo torches, designed to be used as a safety light on highway work and used extensively by contractors, were placed upon the obstruction, one at each end, between five-thirty and six o'clock on the evening of the accident. The issue was whether either or both were lit at the time of the accident, and defendant Andersen Company adds the further element, "how long they had been extinguished." For the plaintiff, Officer Doyle of the Long Beach police department testified that he was 600 feet from the point of the accident at the time it occurred and that there were two unlighted flares on the barricade. He said that immediately thereafter he lighted both. Moore, another officer, who arrived at the scene after the ambulance, testified for the plaintiff that there were two flares on the barricade, only one of which was lit; he relighted the other after the accident. Kachel, for the plaintiff, who lived directly across the street, testified that there were no lights on the barricade immediately after the accident, although he saw someone place them there at about six o'clock that evening. Another witness for the plaintiff, Longo, testified that he visited the scene of the accident about eleven o'clock and saw no lights. For defendant telephone company, Peter Mason, city inspector in charge of

the work, testified that he went to inspect the lights between nine-thirty and ten P. M., it being a " very bad night out, windy," and found two lighted flares on the barricade. Dugan, Andersen's foreman, testified to the placing of lights on the barricade between five-thirty and six P. M. Chichester, Andersen's employee, saw the lights on the barricade between ten-forty and ten-fifty. Plaintiff, himself, testified that there were no lights on the barricade. Neu testified, when asked if there were lights, " Not that I noticed."

The court in effect charged the jury that defendants telephone company and city of Long Beach were not responsible for the condition of the obstruction at the time of the accident in the absence of actual participation by them in the construction of it, or for the negligent act or omission of defendant Andersen to warn those using the highway, in the absence of notice to them, actual or constructive, of the dangerous condition of the barricade. In my opinion, the charge was erroneous and plaintiff's exception was well taken.

The negligence in the case, either active or passive, if any there was, is to be attributed directly to defendant Harold Andersen, Inc. The other defendants, if liable at all, are liable for the negligence of the Andersen Company, not on the theory of *respondeat superior*, but on the theory that they had a direct duty to keep the highway in a safe condition for travel while work was in progress upon the highway. Under the authorities, all the defendants here were under a continuing duty to keep Park avenue reasonably safe — Harold Andersen, Inc., by reason of the fact that it erected the barricade, the telephone company as licensee, and the city of Long Beach by reason of its continuing responsibility for the obstruction placed on the highway with its permission.

Plaintiff's theory is not negligence in the actual performance of the work, that is, in the manner in which the work was carried on by defendant Andersen, but that the accident was a result of the work itself, however carefully and skillfully performed. (*Storrs v. City of Utica*, 17 N. Y. 104; *Brusso v. City of Buffalo*, 90 id. 679; *Turner v. City of Newburgh*, 109 id. 301; *Pettengill v. City of Yonkers*, 116 id. 558; *Deming v. Terminal Railway of Buffalo*, 169 id. 1; *Metzroth v. City of New York*, 241 id. 470; *Godfrey v. City of New York*, 104 App. Div. 357; *Wrighter v. Adams Stores, Inc.*, 232 id. 351.)

*Glenn v. Oakdale Contracting Co., Inc.* (257 N. Y. 497), lays down no rule contrary to the doctrine enunciated in the cases cited. There the plaintiff caught her foot on a spike which protruded above the surface of a temporary roadway constructed by the defendant, under its contract with the city of New York, over an excavation

in a city street. The court charged that the jury was not to consider any question as to the sufficiency of the construction and that the only issue was whether the spike was protruding in such a way as to cause the accident. Absence of proof as to the existence of the defect for a sufficient length of time to charge the defendant with actual or constructive notice necessitated a reversal of the judgment. The decision turned upon the determination that the temporary planking, if adequately constructed, was not a nuisance, and for failure properly to maintain it, the contractor would not be liable in the absence of notice of the defect. The proof in the case was that the decking was built according to approved methods, and that the ordinary wear and tear to the street by the passage of heavy trucks caused the spike to protrude.

I shall make no attempt to distinguish the cases of *McFeeters* v. *City of New York* (102 App. Div. 32); *Gedroice* v. *City of New York* (109 id. 176), and *Carlson* v. *City of New York* (150 id. 264). The first two of these cases were decided upon the authority of *Parker* v. *City of Cohoes* (10 Hun, 531; affd., 74 N. Y. 610). No authority is cited to support the conclusion reached in the *Carlson* case. The *Parker* case may be distinguished. There an excavation was made by the water commissioners of Cohoes for the purpose of laying water pipes, and sand and dirt were placed in the vicinity thereof. At the close of the day, barriers extending from sidewalk to sidewalk, consisting of planks supported by barrels placed in the street, were erected to prevent vehicles from entering. Subsequently someone, without authority or knowledge of the commissioners, removed one of the barriers, and a short time thereafter plaintiff drove through the opening thus made, ran upon the obstructions, was thrown from his wagon and injured. That case is entirely different. There the city shut off the street, as was suggested by Judge CRANE in the opinion in *Metzroth* v. *City of New York* (*supra*). In going through the opening of the barricade the plaintiff had notice. That decision, in my opinion, did not justify the determination reached in the *McFeeters* and *Gedroice* cases. In the light of present day conditions and of the cases that I have reviewed, I cannot follow them.

Other errors in the charge of the learned trial court which took from the jury the questions of negligence and contributory negligence are urged by the appellant. The court was requested to charge, and did charge, that upon the evidence in the case, and as a matter of law, two lighted torches placed at or near opposite ends of the obstruction would be sufficient, and that Andersen was under no legal obligation to keep a watchman on duty to see to it that the lights were kept burning. Both were questions of fact for the jury.

The use of flares may have been utterly inadequate as a safeguard, and the exercise of reasonable care might be held to have required the constant presence of a watchman, especially under such weather conditions as prevailed upon the night of the accident. Further, plaintiff testified that he was traveling east, favoring the north side of the road, and that his lights complied with the requirements of the statute but that he did not see the barricade. The court charged, in effect, that if the jury found that the obstruction was straight ahead of the plaintiff's automobile and that, if his lights would disclose objects 100 to 200 feet away, plaintiff was charged as a matter of law with knowledge of the existence of the obstruction whether there were lights upon it or not, and could not recover. In other words, if plaintiff was operating his automobile in conformity with the requirements of the Vehicle and Traffic Law, and defendant Andersen had failed to light the obstruction or to give any warning, plaintiff as a matter of law could not recover. Clearly, that charge took the question of fact from the jury and was erroneous.

The judgments and amended judgment should be reversed on the law and a new trial granted, costs to abide the event.

Young, Tompkins and Davis, JJ., concur; Lazansky, P. J., in a separate opinion, concurs in the result that there should be a new trial as to all defendants, but disagrees with the view that the city of Long Beach was under a constant duty to have the barricade properly lighted.

Lazansky, P. J. I concur in the result that there should be a new trial as to all defendants, but disagree with the view that the city of Long Beach was under a constant duty to have the barricade properly lighted. In my opinion the city would be liable if it knew, or in the exercise of reasonable care should have known, that satisfactory lights had not been maintained. The city is authorized to grant permits for the opening of city streets for purposes incident to their use as highways. To require a municipality, in each instance where a party not engaged in the city's behalf has lawfully opened the street, to be the ever present watchman of its safety, would be placing an undue burden upon a municipality. While there is conflict in authority (11 A. L. R. 1343 *et seq.*), the rule stated seems to be in accord with the requirements of municipal activity.

Judgments and amended judgment reversed on the law and a new trial granted, costs to abide the event.