Francis J. Donovan, J.
This action is predicated on injuries alleged to have been suffered by the infant plaintiff as a result of a fall while riding a bicycle on a village street in Great Neck. It is alleged that a dangerous and defective condition of the street caused the fall and that the condition was caused by the negligent acts of the codefendant, Lyons & Howe and the Citizens Water Supply Company, who made an excavation and refilled and paved the same.
The complaint asserts liability against the village because it ‘ ‘ knew or should have known ’ ’ of the condition and failed to have it remedied.
Defendant village moves for judgment on the pleadings dismissing the complaint on the ground that there is no allegation that written notice of the dangerous condition had been given to the village prior to the accident. Such notice is required by section 341-a of the Village Law as amended by Local Law No. 1 of the 1954 Local Laws of the Village of Great Neck (Snyder v. Delmin Realty Corp., 207 Misc. 218).
Plaintiff has filed an affidavit in opposition. An affidavit cannot be considered on a motion for judgment on the pleadings. However the same has been deemed a memorandum of law so far as applicable. It is urged that the allegation of the complaint that the work was performed under a village permit meets the requirement of the statute.
A permit is merely an authorization by a municipality to perform work in its streets in accordance with regulatory statutes, ordinances or regulations. It is ordinarily issued before the work is begun. It does not make the permittee the agent of the municipality, nor is it notice that a dangerous condition exists. The most that could be said is that it might be the foundation for establishing constructive notice of some subsequent condition.
Constructive notice will not suffice even if a writing is an evidentiary link in establishing constructive notice. The notice under this statute must be written notice of an existing dangerous condition. The complaint alleges no such notice. However the complaint must be sustained if the allegations suffice to state a cause of action by any fair intendment.
A municipality has a continuing duty to see that its streets and sidewalks are reasonably safe. If the municipality has notice of the original excavation and it is made with the municipality’s permission, a duty of inspection continues until restoration is complete and the municipality is entitled to no other *850 notice of the condition. (Tabor v. City of Buffalo, 136 App. Div. 258.) This principle has been applied to obviate the necessity of a written notice of a defective condition or dangerous obstruction where the defective condition or obstruction is created or constructed in the course of work authorized by a permit (Wrighter v. Adams Stores, 232 App. Div. 351; Giglio v. New York Tel. Co., 238 App. Div. 503).
It is obvious that the court in the Giglio case realized the full implication of its opinion. Lazansky, P. J., concurred in the result but took exception to the majority view on the municipality’s burden in a separate opinion.
In the matter of the excavation and restoration of its streets by utilities and other private agencies, the municipality becomes a joint actor (Tabor v. City of Buffalo, supra, p. 260). Restoration is an affirmative obligation.
The allegations of the complaint are sufficient to state a cause of action on the latter theory. Motion denied.