Mario Pittoni, J.
Motion to dismiss complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice is denied.
In paragraph “ Fourth” of the complaint the City of Glen Cove is charged with permitting the erection of an obstruction in a public highway. “ Notice to a city of a dangerous condition in a street, where the city has granted a permit to place the obstruction therein and its authorized agent has inspected it, is not a condition precedent to a right to bring an action for damages occasioned by the obstruction. * * * Where a city grants a permit to obstruct a sidewalk it is under a continuing duty of inspection until the obstruction is removed; it is entitled to no further notice of the condition due to that obstruction.” (Wrighter v. Adams Stores, 232 App. Div. 351, 353.) Here too, if the city at the time the permit was issued knew the retaining wall was to be built on or extend into the public highway, no further notice would be necessary. Of course, if the proof shows that the retaining wall was not built on or did not extend into the public highway when built, the application for the permit would not constitute notice of a condition which subsequently developed.