Frank S. McCullough, J.
This is a motion by the defendant the Village of Ossining to dismiss the complaint against it, pursuant to rule 106 of the Eules of Civil Practice on the ground that the complaint does not set forth facts sufficient to constitute a cause of action.
The complaint alleges that the infant plaintiff was a'passenger in an automobile owned and operated by the individual defendant, while said vehicle was proceeding in an easterly direction on Croton Avenue, in the Village of Ossining. Said infant allegedly sustained certain injuries as a result of the vehicle striking a pole.
The Village of Ossining predicates this motion upon the fact that the complaint fails to allege that written notice was given to either the Village Clerk or Board of Trustees of the village. Section 341-a of the Village Law of the State of New York states: “ No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or to cause the snow or *488 ice to be removed, or the place otherwise made reasonably safe.”
Local Law 1953 No. 1 of the Villag’c of Ossining represents an application of section 341-a of the Village Law of the State of New York, to the Village of Ossining.
It is undisputed that the plaintiffs herein failed to give written notice of the alleged defect to the village.
The plaintiffs oppose the motion on two grounds:
1. That written notice is not required if the defect arose through the affirmative negligence of the village upon the authority of Hebbard v. Ives (8 A D 2d 648) and 14 Op. St. Comp., 1958, p. 457).
2. That prior written notice may have been given by someone other than the plaintiffs (Hinch v. Frankel'sVs Fabric Center, 23 Misc 2d 101), and that the plaintiff should at least have an examination before trial of the village to ascertain whether prior written notice was given by anyone.
The courts have stated that the written notice pursuant to statutes such as 341-a of the Village Law is not required where an act of affirmative negligence is alleged. (See Smith v. City of Corning, 14 A D 2d 27; Filsno v. City of Rochester, 10 A D 2d 663; Rox v. Village of Great Neck, 25 Misc 2d 848.)
The portion of the complaint which allegedly recites the negligence of the village states: ‘ ‘ tenth ; * * * The said Village of Ossining, New York, was negligent in that it permitted said Croton Avenue, Ossining, New York, to become and remain in a dangerous, defective and hazardous condition; in that it did fail and neglect to properly repair or remove the aforesaid trolley tracks, and did fail and neglect to place any warning or barricade in the vicinity thereof to warn persons lawfully traveling thereon of said dangerous, hazardous and defective condition ; in that it did fail to inspect and check the area to ascertain whether or not a defective, dangerous and hazardous condition existed so that persons who might make lawful use of said road would avoid injury; in that it created and maintained a dangerous, defective and hazardous condition, which constituted a trap and a nuisance, although it knew, or in the exercise of reasonable care, should have known of said condition, and the defendants were otherwise negligent in the premises.” (Italics supplied.)
It would appear from an examination of the above allegation that the plaintiff intended to assert in some manner that the trolley tracks involved a negligent act by the village. The use of the words “ aforesaid trolley tracks ” indicates that a prior allegation with respect to the tracks had perhaps been intended, *489 but omitted. In any event, the court notes that the complaint fails to recite that the tracks, or their installation or repair were directly related to the accident, or that the tracks or their condition was the result of affirmative negligence of the village.
It is also possible that the trolley tracks, if related to the accident are an instrumentality outside the purview of section 341-a of the Village Law. (See Rodriguez v. Village of Ossining, 29 Misc 2d 534.)
However, it is not the court’s function to indulge in conjecture on this point as to the basis of the complaint in its present posture. The first ground urged, in the opinion of the court, fails to save the complaint.
With respect to the possibility of a prior written notice given by someone other than the plaintiffs, the court will follow the procedure set forth in Hinch v. Frankel’s Fabric Center (23 Misc 2d 101, supra), and deny the motion to dismiss without prejudice, to permit plaintiffs an examination before trial of the village, limited to the question of prior written notice.
The plaintiffs are granted leave to amend their complaint upon condition that such amended complaint be served within two weeks after the completion of the examination before trial.